### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JESSICA SMITH-HAYNIE**<br>401 Chaplin St., SE, #408<br>Washington, DC  20019<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES VETERANS INITIATIVE**<br>One Massachusetts Ave., NW<br>Washington, DC  20002<br><br>Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT
### (Race, Age, and Disability Discrimination, Retaliation for Reasonable Accommodation Leave, Opposing Discrimination and for Filing a Workman's Compensation Claim)

### Introduction

1.   Plaintiff Jessica Smith-Haynie ("Haynie" or Plaintiff), seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, backpay and interest, and costs and attorney's fees for discrimination, retaliation for using reasonable accommodation leave, retaliation for opposing discrimination, and retaliation for filing s Workman's Compensation claim against Defendant, United States Veterans Initiative ("USVI" or Defendant).

### Parties

2.   Haynie is an African American, YOB 1958, with a disability (physical) and resides in the District of Columbia.

3.   Haynie is a former employee of USVI.  She brings this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*,  for discrimination on the bases of race, age, disability, retaliation for opposing discrimination, and the District of Columbia Workman's Compensation law, D.C. Code § 32-1542.

4.   USVI is a non-profit corporation that was organized in California in 1992, with a principal office in Washington, DC.  USVI's number of employees is unknown, but exceeds five hundred employees.

5.   USVI provides housing, employment and counseling services to veterans in the District of Columbia, California, Arizona, Texas, Nevada, and Hawaii.

6.   USVI receives federal funding through federal grants from the United States Department of Veterans Affairs.

## Jurisdiction and Venue

7.   USVI carries on its business of providing services to veterans in Washington, DC.

8.   All or substantially all of the facts giving rise to this complaint arise from USVI's Washington, DC location.

9.   This Court accordingly has jurisdiction over the claims in this complaint.

## Exhaustion of Administrative Remedies

10. On June 12, 2015, Haynie initiated contact with the District of Columbia Office of Human Rights ("OHR") regarding race, age and disability discrimination, and retaliation for opposing discrimination.

11. The charge was dual-filed with the United States Equal Employment Opportunity Commission ("EEOC").

12. On October 9, 2015, Haynie's complaint was assigned OHR No. 16-053-P(CN) and EEOC Charge No. 10C-2016-00047.

13. On February 8, 2017, the DC Office of Human Rights issued a "No Probable Cause" finding and closed Haynie's case.

14. On September 27, 2017, the EEOC adopted the findings of the DC Office of Human Rights and issued a Notice of Right to File.  (Exhibit A)

15. Haynie received the Notice of Right to Sue on September 29, 2017.

16. Haynie brings her Title VII claims within 90 days of receipt of the Notice of Right to Sue.

17. Haynie  has exhausted her administrative remedies.

18. No specific exhaustion is required under 42 U.S.C. § 1981.

19. No specific exhaustion is required under D.C. Code § 32-1542.

20. Haynie began her at-will employment with USVI on October 7, 2013, as a Program Coordinator for the Support Services for Veteran Families ("SSVF") at USVI's office located in Washington, DC.

21. Haynie's starting compensation was $43,000 and her ending compensation was $47,000 per year.

## COUNT I
**Disability Discrimination (Failure to Accommodate)**

22. Haynie hereby incorporates the allegations set forth in paragraphs 1 through 21 as though fully alleged herein.

23. During the relevant timeframe, Haynie possessed the appropriate educational background, employment experience, and skills necessary to perform the essential functions of her position, with or without a reasonable accommodation.

24. In January 2014, Haynie, while on duty at the VA Hospital, incurred a shoulder injury when she slipped and fell down on a wet floor.

25. Haynie requested FMLA leave for a shoulder surgery and leave to recover beginning on August 7, 2014.

26. On September 14, 2014, USVI approved Haynie for eighty (80) hours of absence due to injury from August 16 to 31, 2014.

27. Haynie timely made her worker's compensation claim to USVI's carrier, Berkshire Hathaway Homestate Companies on September 10, 2014.

28. On September 24, 2014, Haynie informed Clifton Lewis ("Lewis"), Executive Director and her second-line supervisor, that her orthopedic surgeon ordered six weeks of intense physical therapy and a follow-up visit on October 31, 2014.  Haynie requested a meeting with Lewis regarding her request for reasonable accommodation in the form of a modified work schedule.  Lewis did not respond and failed to accommodate Haynie, in violation of the ADA.

29.   Haynie attempted to return to work in November 13, 2014.  Lewis instructed Haynie not to return to work until she obtained a medical release and instructed Haynie to stay out until December 2014.

30. The worker's compensation adjuster disagreed, and advised Haynie to return to work.

31. Upon Haynie's return to work, her first-level supervisor, Linda Clark-Holland ("Holland") scrutinized Haynie's performance and issued a poor rating for the backlog which accrued during Haynie's time on medical leave, in violation of the ADA.

32. In March 2015, Haynie requested another reasonable accommodation by rescheduling the management meetings which were regularly held on Mondays, in order to attend her physical therapy sessions.  Mondays were the only available days for the physical therapy.

33. Lewis denied the request and kept the Monday management meetings, in violation of the ADA.

34. The physical therapist was able to accommodate Haynie on Tuesdays instead, by making scheduling changes with other patients.

35. After learning of Haynie's physical therapy on Tuesdays, Lewis changed the management meetings to Tuesdays, in conflict with Haynie's physical therapy appointments, and in violation of the ADA.

36. USVI engaged in the aforementioned discriminatory practices with malice or with reckless indifference to the federally protected rights of Haynie.

37. As a direct and proximate result of USVI's unlawful conduct, Haynie has been damaged in an amount to be determined at trial, including, but not limited to a loss of

income, including, but not limited to, past and future wages, benefits, expenses, and
various other, expenses, pain and suffering, compensatory damages and punitive
damages, all to be specified at trial.

## COUNT II
### Age Discrimination in Non-Promotion

38. Haynie hereby incorporates the allegations set forth in paragraphs 1 through 37 as
though fully alleged herein.

39. On December 16, 2014, Haynie was not selected for the position of Clinical
Director, which paid $75,000 per year.

40. USVI selected Roy Hayes (30's) over Haynie, despite Haynie's clearly superior
qualifications.

41. As a direct and proximate result of USVI's unlawful conduct, Haynie has been
damaged in an amount to be determined at trial, including, but not limited to a loss of
income, including, but not limited to, past and future wages, benefits, expenses, and
various other, expenses, pain and suffering, compensatory damages and punitive
damages, all to be specified at trial.

## COUNT III
### Race and Age Discrimination in Non-Promotion

42. Haynie hereby incorporates the allegations set forth in paragraphs 1 through 41 as
though fully alleged herein.

43. Debra Truchon (Caucasian, 31), ("Truchon"),  Haynie's Program Assistant hired
after Haynie, replaced Haynie on October 14, 2015.

44. This was done despite serious errors Truchon committed on HMIS, which Haynie
reported to Holland on February 25, 2015.

45. At Truchon's leadership, the SSVF team failed to pass the 2016 annual audit conducted by the US Department of Veterans Affairs.

46. Despite this, USVI has continued to promote Truchon, who currently earns a salary somewhere in the $90,000's.

47. Haynie's qualifications are plainly superior to Truchon's.

48. As a direct and proximate result of USVI's unlawful conduct, Haynie has been damaged in an amount to be determined at trial, including, but not limited to a loss of income, including, but not limited to, past and future wages, benefits, expenses, and various other, expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## COUNT IV
### Retaliation for Filing a Workman's Compensation Claim in violation of the District of Columbia Code § 32-1542

49. Haynie hereby incorporates the allegations set forth in paragraphs 1 through 48 as though fully alleged herein.

50. On September 22, 2015, Haynie's employment with USVI was terminated without good cause and, instead, motivated by her worker's compensation claim.

51. D.C. Code § 32-1542 states:

It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer, or because he has testified or is about to testify in a proceeding under this chapter.

52. As a result of Haynie's filing a claim for workers' compensation benefits, USVI discharged and/or threatened to discharge Haynie.

53. USVI's actions were willful, wanton, and outrageous and without regard for Haynie's rights and feelings.

54. As a result of USVI's actions, Haynie has suffered economic and emotional damages.

55. WHEREFORE, Haynie demands judgment against USVI and relief in the form of: economic damages, including lost wages, benefits, and other remuneration; reinstatement of full fringe benefits; front and back pay; any other compensatory damages allowable under law; attorney's fees to the extent permitted by law and costs, emotional distress damages, prejudgment and post judgment interest and any other relief the court deems appropriate.

## COUNT V
### Retaliation for Using Leave as a Reasonable Accommodation

56. Haynie hereby incorporates the allegations set forth in paragraphs 1 through 55 as though fully alleged herein.

57. Upon Haynie's return to work on November 14, 2014, Haynie learned that Truchon,  Haynie's Program Assistant, was being groomed to replace Haynie, and "acting" in the role of Program Coordinator.

58. As a Program Coordinator, Haynie was overseeing a $2 million dollar budget for the temporary financial assistance of veterans and their families.  The financial assistance was used for such items as rent, security deposits, car repairs, child care services, etc. Haynie supervised a total of nine direct reports, to include Case Managers,

Coordinators, and Housing Specialists, and worked with community partners to maintain the program.

59. As a Program Assistant, Truchon was responsible for the accurate maintenance of the Homeless Management Information System ("HMIS"). Truchon supervised a total of six direct reports.

60. The Program Coordinator position was a more prestigious position than that of a Program Assistant. The title of Program Assistant was a step down from Program Coordinator.

61. Sometime in 2015, USVI placed Truchon in newly created title of Outreach Coordinator, removing that function from Haynie's responsibilities. Five of Haynie's direct reports were moved under Truchon as a result. USVI increased Truchon's salary to match Haynie's.

62. From November 2014 through September 2015, Lewis pressured Haynie to switch positions with Truchon.

63. Haynie refused what she deemed to be a demotion.

64. Holland held Haynie responsible for the work Haynie was not able to accomplish while she was out between August to November 2014, in violation of the ADA.

65. Holland held Haynie responsible for inaccuracies within HMIS, a pretext for discrimination, since Truchon was responsible for the inaccuracies.

66. On February 25, 2015, Haynie reported to Holland that 95% of the errors within HMIS were from 2014, and that Truchon entered the information.

67. Haynie led her team to improve the HMIS accuracy rating from 76% in February 2015 to 94% in July 2015.

68. Despite Haynie's successful performance, in May 2015, Holland gave Haynie an "unsatisfactory" rating for the SSVF Program.  As a result, Haynie received neither an increase nor monetary award.

69. On June 24, 2015, Holland wrote Haynie up for changing a staff meeting time, for allegedly being disrespectful to Holland, and for allegedly failing to get a client moved, in which both Holland and Truchon was handling this client while Haynie was on Workman's Comp Leave, as pretext for retaliation for using leave as a reasonable accommodation, which operated as a failure to accommodate.

70. On June 25, 2015, Holland issued Haynie a Corrective Action Plan (CAP) accusing Haynie of being hostile toward Holland, and reprimanding Haynie for not terminating a staff member and for not disciplining other staff members, for reasons that were unsupported by the evidence.

71. On the same date, Haynie was placed on a three day suspension without pay for not disciplining a staff member (Gwendolyn Brooks).  Two days into Haynie's suspension, Gwendolyn Brooks was awarded as an outstanding employee by both Lewis and Holland, and was given a monetary award.

72. Haynie led her team to pass the annual US Department of Veterans Affairs audit in July 2015.  The Outreach Team led by Truchon, however, did not pass.

73. USVI has discriminated against Haynie in retaliation for using leave as a reasonable accommodation.

74. USVI engaged in the aforementioned discriminatory practices with malice with reckless indifference to the federally protected rights of Haynie.

75. As a direct and proximate result of the USVI's unlawful and retaliatory conduct, Haynie has been damaged in an amount to be determined at trial, including, but not limited to a loss of income, including, but not limited to, past and future wages, benefits, expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## COUNT VI
### Retaliation for Opposing Discrimination

76. Haynie hereby incorporates the allegations set forth in paragraphs 1 through 75 as though fully alleged herein.

77. On July 2, 2015, Haynie's undersigned counsel wrote to USVI via Lewis, demanding that USVI cease and desist further unfair conditions and harassment toward Haynie, based on her race, age, disability and retaliation for taking leave.

78. On July 28, 2015, Haynie was written up again, and suspended for three days without pay, under the pretext of failure to discipline two subordinates.

79. On September 22, 2015, USVI terminated Haynie for poor performance.

80. As further proof of Haynie's successful performance, it was discovered that she had serviced 550 veterans rather than 400, with the budget she was given.

81. The aforementioned reason or reasons for terminating Haynie are pretextual.

82. The termination of Haynie violated one, some or all of the following laws: ADA, ADEA, Title VII, 42 U.S.C. § 1981 and D.C. Code § 32-1542.

83. USVI unlawfully retaliated against Haynie with respect to her compensation, terms, conditions and privileges of employment, and termination, on account of her opposing a discriminatory practice and making a complaint of

discrimination.

84. USVI engaged in the aforementioned discriminatory practices with malice or with reckless indifference to the federally protected rights of the Haynie.

85. As a direct and proximate result of USVI's unlawful and retaliatory conduct, Plaintiff has been damaged in an amount to be determined at trial, including, but not limited to a loss of income, including, but not limited to, past and future wages, benefits, expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

86. USVI engaged in the aforementioned discriminatory practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

87. As a direct and proximate result of the USVI's unlawful and retaliatory conduct, Plaintiff has been damaged in an amount to be determined at trial, including, but not limited to a loss of income, including, but not limited to, past and future wages, benefits, expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## **RELIEF**

88. WHEREFORE, plaintiff respectfully prays for judgment against USVI as follows:

89. For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts;

90. For a money judgment representing punitive damages for USVI's willful violations of law;

91. For a money judgment representing prejudgment interest, if applicable;

92. Reinstatement and restoration of benefits upon conditions that plaintiff be assigned to a different location or not have the same supervisors and that the new supervisors be enjoined to comply with law;

93. That this Court retain jurisdiction over this action until USVI has fully complied with the orders of this Court, and that this Court require USVI to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable ADA provisions;

94. For lost monies and damages pertaining to out-of-pocket expenses;

95. For costs of suit, including an award of reasonable attorney's fees, expert fees; and

96. For such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a jury for all issues proper to be so tried.

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 28, 2017.



Jessica Smith-Haynie

Respectfully submitted,

Kathlynne Ramirez
Kathlynne Ramirez, Esq. LLC
Attorney for Plaintiff
1200 Travis View Court
Gaithersburg, Maryland  20879
Tel: (240) 372-1832
Fax: (301) 216-0615
Email: kramirez@kramirezlaw.com
DC Bar ID Number: 1003714